[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-12260

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 9, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 03-60227 CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALANDO BERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 9, 2005)

Before EDMONDSON, Chief Judge, BIRCH and COX, Circuit Judges.

PER CURIAM:

Alando Berry appeals, challenging both his conviction and his sentence.

Berry pleaded guilty to violating 18 U.S.C. § 922(g)(5)(B), which makes it a

crime for an alien admitted to the United States under a nonimmigrant visa to possess

a firearm. The district court accepted Berry's guilty plea and sentenced him to 37 months in prison.

During his plea colloquy, Berry insisted that he was in the United States legally with a valid visa.[1] And, Berry did not recant that position at sentencing.[2] The Government now believes that Berry had left the country and, at some point, illegally reentered the United States. Berry never asked the district court to dismiss the indictment. Nor did he ask leave to withdraw his guilty plea. The Government concedes on this appeal that Berry should have been charged with violating § 922(g)(5)(A), and not § 922(g)(5)(B). Section 922(g)(5)(A) makes it a crime for an alien who is in the United States illegally to possess a firearm. Nothwithstanding the Government's concession, however, the Government contends that our review is for plain error, and that there is no plain error. We agree. Under plain error review, we ask whether there is: "(1) error, (2) that is plain, and (3) that affects substantial rights." *United States v. Cotton*, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002). If these three conditions are met, we then decide whether the error seriously affected the fairness, integrity or public reputation of the judicial proceeding. *Id.*

---

[1]At the guilty plea hearing, Berry asserted under oath that he entered the United States on a non-immigrant visa. (R.2-12.)

[2]At sentencing, the prosecutor said that upon further investigation, she believed that Berry was not an overstay, but had reentered the country illegally. Defense counsel objected to this, contending that no determination had been made as to Berry's status. (R.3-5.)

2

We review Berry's argument that there was an insufficient factual basis for his guilty plea for plain error. *See United States v. Vonn*, 535 U.S. 55, 122 S. Ct. 1043 (2002). We conclude that the district court did not err, plainly or otherwise, by relying on Berry's own statement under oath that he was in the United States legally. And, in light of the circumstances and the fact that the punishment for violating § 922(g)(5)(A) is the same as the punishment for violating § 922(g)(5)(B), even if we assume error, the fairness, integrity, and public reputation of the judicial proceedings have not been seriously affected. *See United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993). We affirm Berry's conviction.

Berry challenges his sentence on several grounds. He contends, first, that the district court erred by enhancing this sentence for obstruction of justice based on false statements made by him; second, that the district court failed to make specific findings as to how his false statements obstructed justice; and third, that the district court erred by denying him an acceptance-of-responsibility reduction. The first and third challenges are meritless, and the second one was not preserved by appropriate objection following sentencing.

For the first time on appeal, Berry asserts a constitutional challenge to the district court's imposition of sentence enhancements under the sentencing guidelines, basing his challenge on *Blakely v. Washington*, 124 S. Ct. 2531 (2004). Because

3

Berry did not raise this issue in the district court, we review only for plain error. *See Cotton*, 535 U.S. at 631-32, 122 S. Ct. at 1785. Berry has demonstrated that there was error, and that it is plain. Berry's sentence was enhanced as a result of findings made by the judge that went beyond the facts Berry admitted in pleading guilty. And, although the error was not "plain" at the time of sentencing, "it is enough that the error be 'plain' at the time of appellate consideration." *United States v. Rodriguez*, 398 F.3d 1291, 1299 (11th Cir. 2005) (*citing Johnson v. United States*, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997)). We conclude, however, that Berry has not carried his burden to prove that this error has affected his substantial rights. *See Rodriguez*, 398 F.3d at 1299-1306. It is unclear whether the district court would have given Berry a different sentence under an advisory guideline scheme. The district court's sentence is, therefore, affirmed.

AFFIRMED.